IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| K-Beech, Inc., : | |
| : | |
| Plaintiff(s), : | |
| : | Case Number: 1:11cv487 |
| vs. : | |
| : | Chief Judge Susan J. Dlott |
| John Does 1-48, : | |
| : | |
| Defendant(s). : | |

ORDER

This matter came before the Court upon Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference (the "Motion"), and the Court having considered the sworn declaration and issues raised therein, including the relevant piracy issues and the unique aspects of Bit Torrent protocol - based copyright infringement,

**THE COURT ORDERS:**

1. Plaintiff's Ex Parte Motion for Leave to Serve Third Party Subpoenas Prior to a Rule (26) Conference is **GRANTED;**

2. Plaintiff may serve each of the ISPs listed in Exhibit A to the Complaint filed in this matter with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Motion. Plaintiff shall attach to any subpoena a copy of this Order;

3. Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to one of the Defendants;

4. Each of the ISPs that qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

    the term "cable operator" means any person or group of persons

    (A) who provides cable service over a cable system and directly

> > or through one or more affiliates owns a significant interest in such cable system, or
> >
> > (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system;
> >
> > shall comply with 47 U.S.C. § 551(c)(2)(B), which states:
> >
> > A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed;
> >
> > by sending a copy of this Order to the Defendant.

5. The subpoenaed ISPs shall not require Plaintiff to pay a fee in advance of providing the subpoenaed information; nor shall the subpoenaed ISPs require Plaintiff to pay a fee for an IP address that is not controlled by such ISP, or for duplicate IP addresses that resolve to the same individual, or for an IP address that does not provide the name of an unique individual, or for the ISP's internal costs to notify its customers. Any ISP which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such ISP.  If necessary, the Court shall resolve any disputes between the ISPs and Plaintiff regarding the reasonableness of the amount proposed to be charged by the ISP after the subpoenaed information is provided to Plaintiff.

6. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

7. If the ISP and/or any Defendant wish to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 30 days from the date of service.

IT IS SO ORDERED.


      ___s/Susan J. Dlott_____
      Chief Judge Susan J. Dlott
      United States District Court